**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **MITCHELL A. POHL, D.D.S.**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**KEITH WEST, D.D.S.**, an individual,<br><br>Defendant. | Case No. 5:15-cv-12819-JEL-APP<br><br>District Judge Judith E. Levy<br><br>Magistrate Judge Anthony P. Patti<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

## COMPLAINT

Plaintiff Mitchell A. Pohl, D.D.S. ("Dr. Pohl") sues Defendant Keith West, D.D.S. ("Dr. West") for and states as follows:

## INTRODUCTION

1. Plaintiff Mitchell A. Pohl brings this complaint against the named Defendant for violations of his intellectual property rights under law. Defendant violated Plaintiff's rights by using Plaintiff's copyrighted materials without his permission.

2. Plaintiff is a well-known and respected dentist in the Boca Raton and South Florida regions, practicing restorative, cosmetic, and implant dentistry.

3. Plaintiff has attracted a geographically wide range of patients from Europe, Alaska, Haiti, and more.

4. As advertising for his thriving practice, Plaintiff takes photographs of certain clients before and after cosmetic dentistry in order to demonstrate, in his "Before and After" gallery, the amazing results he provides.

5. Producing these photographs takes a great deal of creative skill, as Plaintiff must

determine the best angles, lighting, camera settings, among other things, in order to best showcase his work in a tangible manner

6. In order to protect his works, Plaintiff registered his photographs with the Copyright Office in 2005.

7. Plaintiff was surprised to discover that Defendant, another cosmetic dentistry provider, had been using many of Plaintiff's copyrighted photographs on two of Defendant's websites without Plaintiff's knowledge or permission and without attribution to Plaintiff or acknowledgement that the photographs are protected by copyright. Instead, by including the pictures in the "Photos" and "Smile Gallery" portions of his website without any other captions, Defendant seems to have been trying to pass the photos off as results achieved at his own practice.

8. On information and belief, Defendant intentionally and knowingly copied and altered Plaintiff's work, without attributing credit to Plaintiff, for the purpose of generating prestige and financial benefit. Plaintiff's rights in his copyrighted work were violated when his work was used without his consent.

## STATEMENT OF JURISDICTION AND VENUE

9. This Court has jurisdiction over the Copyright Infringement claims alleged in this action under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and under this Court's federal question jurisdiction, 28 U.S.C. § 1331, as an action that arises under the laws of the United States, and under 28 U.S.C. § 1338(a) as a case arising under the Copyright Act.  This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.  There is diversity of citizenship between the parties.  This Court has jurisdiction over all other claims by virtue of 28 U.S.C. § 1338 and this Court's pendent jurisdiction.

10. This Court has jurisdiction over Defendant pursuant to M.C.L. §§ 600.701 and .705 by virtue of the fact that he is domiciled in the state of Michigan, and his substantial, continuous and not isolated activity, e.g., his provision of dentistry and cosmetic services in the state of Michigan, and by virtue of him committing a tortious act within the state of Michigan.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) because the Defendant resides in this District, and pursuant to 28 U.S.C. § 1391 because a substantial part of events giving rise to the claims occurred in this District.

## THE PARTIES

12. Dr. Pohl practices dentistry, including restorative, cosmetic and implant dentistry at 2900 N. Military Trail in Boca Raton, Florida, 33431.

13. Plaintiff is informed and believes and thereon alleges that Defendant Dr. West is an individual, has a place of business at 2287 S. Milford Road, Highland, Michigan 48357, and is in the business of providing dental cosmetic dentistry services under the business name Painless Dentistry.

## FACTUAL BACKGROUND

14. Plaintiff has spent years perfecting his craft, first attending NYU College of Dentistry, then serving in the United States Air Force for 13 years, and finally teaching at the Medical College of Virginia School of Dentistry before opening his own practice.

15. Plaintiff was a member of many professional organizations, including the American Academy of Cosmetic Dentistry, the Academy of General Dentistry, the American Dental Association, the Florida Dental Association, and the South Palm Beach Dental Association.

16. Plaintiff was one of the early adopters of the porcelain veneer restoration, and puts a great deal of time and attention to detail into each of his procedures, individually crafting each tooth so it is customized to each patient.

17. Plaintiff cares both about the aesthetics and health of his patient's teeth, helping numerous patients avoid gum surgery and return their oral tissues to a disease-free state.

18. Plaintiff operates websites, including bocaratoncosmeticdentist.com, to advertise his cosmetic dentistry practice and provide information about Plaintiff's business and services to potential and current patients.

19. Plaintiff's website features many "Before and After" photographs, depicting patients of Plaintiff's as demonstrative and comparison tools of the results achieved by Plaintiff's dental practice.

20. Dr. Mitchell Pohl created the photographs featured on Plaintiff's website, creatively adjusting and arranging the camera, focus, angle, lighting, and subject to best capture the results of his work.

21. In creating the photographs, Plaintiff decided first to take both "Before" and "After" photographs in order for prospective patients to be able to compare the teeth of the same patient before Plaintiff treated him, and again after Plaintiff treated him. This would enable those prospective patients to visualize the scope of the work Plaintiff undertakes as well as the amazing results he is able to achieve.

22. Plaintiff positioned the camera close to the mouth of each subject in order to focus the photograph solely on the teeth of the subject, as the changes in the teeth are what the photographs are meant to demonstrate. Plaintiff did not want any other parts of the face or body, which would be potential distractions from the main subject, the teeth, in the photographs.

23. Plaintiff usually positioned his subject's mouth in a natural smile position in order to demonstrate how the subject would look with his old and new teeth in his everyday life, smiling as he normally would. He also usually positioned the mouth in this natural smile position in both the "Before" and "After" photograph so that potential patients could recognize the significant changes in the quality of the teeth without being distracted by other changes in the subject's appearance that could result if the subject posed differently in each photograph. Occasionally, Plaintiff would position the subject's mouth wider if there was more significant damage to the teeth and a more thorough surgery was required, in order to demonstrate the full extent of the surgery he performed.

24. Plaintiff used lighting bright enough to demonstrate the quality – and sometimes decay – of teeth in the "Before" photographs in order to demonstrate subsequent positive effects in the "After" photographs. Likewise, he wanted to use lighting bright enough to clearly show every detail of the teeth in the "After" photographs in order to showcase work quality. However, he also had to make sure the lighting was not too bright, so that it did not compete with the white color of the teeth and wash the photographs out.

25. In November 2005, Plaintiff applied for copyright registration for the images featured on the website with the United States Copyright Office.

26. Dr. Pohl was granted a copyright registration for these images, which are titled "Boca Raton cosmetic dentist." (hereinafter "the Work"). A true and accurate copy of the copyrighted registration, TX 6-210-837 is attached hereto as Exhibit #1. As demonstrated, the copyrighted work constitutes an original work of authorship.

27. Dr. Pohl discovered that sixteen photographs contained in the Copyrighted Work were displayed on the websites www.painlessdentistrylansing.com (under "Photos") and

www.drwestdental.calls.net/smile-gallery/ without his consent or authorization, and such images remained on Defendant's websites through September of 2012.

28. On information and belief, four sets of "Before and After" pictures from the "Full Mouth Reconstruction" section of Plaintiff's website were copied exactly on both of Defendant's websites on an unknown date, and remained on the Defendant's website through September of 2012.

29. On information and belief, one set of "Before and After" pictures from the "Adult Reconstructive Orthodontics" section of Plaintiff's website was copied exactly on both of Defendant's websites on an unknown date, and remained on the Defendant's website through September of 2012.

30. On information and belief, three sets of "Before and After" pictures from the "Porcelain Veneers – Makeovers" section of Plaintiff's website were copied exactly on both of Defendant's websites on an unknown date, and remained on the Defendant's website through September of 2012.

31. Among other things, Defendant's websites falsely represented the photographs to be before and after pictures of *Defendant's* own work and services. Defendant does not attribute ownership of the pictures to Plaintiff; instead, Defendant's use of the pictures in the "Photos" and "Smile Gallery" sections of Defendant's websites indicates that Defendant was attempting to pass the pictures off as his own work. True and correct copies of snapshots from the Defendant's websites showing the infringing photographs are attached hereto as Exhibit B (the "Infringing Work").

32. As a direct and proximate cause of Defendant's wrongful action, Plaintiff has suffered damages in an amount to be determined at trial.

6

## CAUSES OF ACTION

33. Plaintiff seeks redress as a result of Defendants' actions, as follows:

### Count One: Direct Copyright Infringement against Defendant

34. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

35. Defendant is liable to Plaintiff for infringement of the copyrighted work subject to 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

36. Plaintiff is the owner of the registered copyright set forth in Exhibit #1, which constitutes an original work of authorship.

37. Defendant has infringed Plaintiff's copyrighted work by unlawfully copying entire portions of the work, or, alternatively, constituent elements of the work, and displaying and presenting them in his advertisements and on his websites, presumably for profit.

38. Plaintiff did not authorize, permit or consent to Defendant's distribution of the Work.

39. Plaintiff believes and thereon alleges that the foregoing acts of infringement by Defendant have been willful, intentional and purposeful, in disregard of, and indifferent to, Plaintiff's rights.

40. Wherefore, Plaintiff seeks damages under 17 U.S.C. § 504 and injunctive relief under 17 U.S.C. § 502.

### Count Two: Contributory Copyright Infringement against Defendant

41. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

42. Prior jurisprudence explains that "one infringes contributorily by intentionally inducing or encouraging direct infringement."[1] Furthermore, an individual may be infringing

---

[1] *See MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (U.S. 2005) (*citing Gershwin Pub. Corp. v. Columbia Artists Management, Inc.,* 443 F.2d 1159, 1162 (CA2 1971).

"vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it."

43. Even where Defendant did not directly copy the Work, Defendant had the opportunity to stop or limit the publication of the Work. Defendant knew, or should have known, that the Work was being published to numerous third parties in furtherance of the Defendant's attempt to attract clients to his business.

44. Wherefore, Plaintiff seeks damages under 17 U.S.C. § 504 and injunctive relief under 17 U.S.C. §502.

### Count Three: Removal or Alteration of Copyright Management Information

45. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

46. As described herein, Defendant unlawfully copied and distributed all or constituent elements of Plaintiff's copyrighted work on Defendant's websites without including Plaintiff's name or other identifying information, the title or other identifying information of Plaintiff's copyrighted work, or even the fact that Plaintiff's work is copyrighted, therefore essentially attempting to pass the work off as Defendant's own.

47. In so doing, Defendant has, without the authority of the copyright owner or the law, distributed works or copies of works knowing that copyright management information has been removed or altered without the authority of the copyright owner or the law, knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal an infringement of any right under 17 U.S.C. § 1202, in violation of 17 U.S.C. § 1202(b).

48. On information and belief, Defendant's removal and alteration of Plaintiff's copyright information was willful and intentional, and was committed with reckless disregard for, and with deliberate indifference to, the rights of Plaintiff.

49. Wherefore, Plaintiff seeks damages under 17 U.S.C. § 1203 and injunctive relief.

### Count Four: Violation of Visual Artists Rights Act of 1990 by Defendant

50. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

51. Plaintiff's copyrighted work consists of photographs, which is visual art.

52. On information and belief and as described herein, Defendant unlawfully and intentionally distorted and modified Plaintiff's copyrighted work, of which he is both sole author and owner, by using it in advertising and posting it on his websites as if it were Defendant's own work.

53. On information and belief, this distortion and modification of Plaintiff's copyrighted work by Defendant is prejudicial to Plaintiff's hard-earned reputation because it suggests that Defendant, not Plaintiff, performed the cosmetic dentistry and achieved the amazing results depicted in the images.

54. Pursuant to 17 U.S.C. § 106A, Plaintiff has the right to prevent the above-mentioned distortion and modification of his copyrighted work by Defendant.

55. Plaintiff has not expressly waived his right to prevent the above-mentioned distortion and modification of his copyrighted work by Defendant.

56. Wherefore, Plaintiff seeks damages and injunctive relief.

### PRAYER FOR RELIEF

Wherefore, Plaintiff seeks the following relief:

57. Pursuant to 17 U.S.C. §§ 504 and 1203, an award for damages, under, in an amount to be proven at trial, in an amount not less than $75,001;

58. Pursuant to 17 U.S.C. §§ 504 and 1203, an award of all economic, monetary, actual, consequential, statutory and compensatory damages caused by Defendants' conduct, and if his conduct is proven willful, award Plaintiff exemplary damages;

59. Pursuant to 17 U.S.C. § 504(b), disgorgement or restitution by Defendant of all revenue earned from the fraudulent and unlawful practices described herein;

60. An award of punitive damages, in an amount to be proven at trial;

61. An award of injunctive and other equitable relief, pursuant to 17 U.S.C. § 502, or as otherwise available, to protect the interests of Plaintiff, including an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

62. Pursuant to 17 U.S.C. § 505, an award to Plaintiff of his reasonable litigation expenses and attorneys' fees;

63. An award to Plaintiff of pre-judgment and post-judgment interest, to the extent allowable; and

64. Such further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDD

Plaintiff respectfully demands a trial by jury with respect to each claim in this Complaint.


Respectfully submitted,


/s/Eric J. Menhart
Eric J. Menhart
Lexero Law
316 F Street NE, Suite 101
Washington, DC 20002
Phone: (855) 453-9376 x.101
Fax: (855) 453-9376